## Dennis v. Mitchell

*Samuel J. Feigus*, for plaintiff.

*Jesse E. Hutson*, for defendant.

MORROW, J., January 5, 1957.—Suit in assumpsit against defendant before an alderman was brought by "National Highway Motor Sales, Clarence Dennis, Manager, Markleysburg, Pa." The alderman gave judgment in favor of plaintiff. An appeal was taken by defendant.

In the complaint filed in this court, plaintiff is designated and named: "Catherine E. Dennis, trading as National Highway Motor Sales, Markleysburg, Pennsylvania." Preliminary objections were filed by defendant. The only one we deem it necesary to consider here at this time is the alleged failure to file the certificate required by the Fictitious Names Act of May 24, 1945, P. L. 967, 54 PS §28.1 to §28.8. Plaintiff filed an answer alleging and citing the record in the prothonotary's office in Fictitious Names Docket 9, page 101, and incorporating in the answer said record by this reference thereto.

This record shows that on July 12, 1946, one C. E. Dennis, and a man by the name of Savage and a man named Barnes, were registered under the name "National Highway Motor Sales Company" and there was no agent conducting or carrying on the business.

It will be observed that the suit before the alderman does not mention Catherine Dennis and does mention Clarence Dennis. It appears in the record that Savage and Barnes withdrew in 1948. Neither suit uses the word "Company" which appears in the registration cited. The law cited provides that the certificate filed must set forth the "real" name of any person interested in the business under the name chosen. The letter "C" could apply to "Clarence" as well as to "Catherine," and such initial is not the real name of either one. So far as appears the alleged oral agreement of defendant may have been with "Clarence", whose name appears in the suit before the alderman, whereas the name "Catherine" appears in the complaint filed in this court. The registration, in our opinion, is defective in not citing either the real name "Clarence" or the real name, "Catherine", leaving the matter open so that the public might consider the husband "Clarence," who apparently was carrying on the business, to be the owner thereof.

Under the authority of Iannuzzo v. Thomas, 68 D. & C. 406, we sustain the preliminary objection mentioned and enter judgment against plaintiff, without prejudice to plaintiff's right to institute another action after properly complying with the provisions of the aforesaid Fictitious Names Act.

### Order

And now, January 5, 1957, after consideration, the preliminary objection mentioned in the opinion filed is sustained, and judgment is entered against plaintiff without prejudice to plaintiff's right to institute another action after proper compliance with the Fictitious Names Act of May 24, 1945, P. L. 967.